IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DONALD GRIER, AIS #182885,        )
                                  )
        Petitioner,               )
                                  )
v.                                )     CIVIL ACT. NO.  3:05cv769-MEF
                                  )               (WO)
GWENDOLYN C MOSLEY,               )
                                  )
        Respondents.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 15, 2004, petitioner Grier was convicted in the Circuit Court of Russell

County, Alabama, of bringing stolen property into the State of Alabama in violation of ALA.

CODE 13A-8-20.  His conviction was affirmed on appeal to the Alabama Court of Criminal

Appeals.[1]  Grier filed this petition for habeas review pursuant to 28 U.S.C. § 2254 on August

11, 2005.  Pursuant to Rules 8(a), *Rules Governing Section 2254 Cases in the United States*

*District Courts*, the court concludes that the petition for habeas corpus relief is due to be

denied.  No evidentiary hearing is required because the facts crucial to a fair determination

of the issues presented by petitioner were adequately developed in the state court

proceedings.  *McCoy v. Wainwright*, 804 F.2d 1196 (11th Cir. 1986).

---

[1]  Notwithstanding the court's explicit order entered on September 12, 2005, requiring that the respondents advise the court about whether the petition met the limitations period established in 28 U.S.C. § 2244(d), the answer of the respondents is silent about that question.  The answer is also silent about whether the petitioner sought review in the Alabama Supreme Court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (Barring review as unexhausted of claims not presented to highest state court even for discretionary review).  The court concludes that the respondents, therefore, have waived the limitations and default issues.

While stated as two separate grounds for relief,[2] Grier's claims boil down to one

essential question of whether the evidence was sufficient to support his conviction.  This

issue was presented to and addressed by the Alabama Court of Criminal Appeals.

>  Grier first contends that the evidence was insufficient to support his
> conviction because, he says, the State failed to prove that the John Deere riding
> lawnmower found in his presence at the time he was stopped by police was the
> same John Deere riding lawnmower that had been stolen from the Home Depot
> store in Columbus.  Specifically, Grier argues that the State failed to prove that
> the model and serial numbers of the lawnmower he brought into Alabama, as
> alleged in his indictment, were the same as the model and serial numbers of the
> lawnmower that had been stolen from the Home Depot and, thus, failed to
> prove that the lawnmower he brought into Alabama belonged to the Home
> Depot as alleged in the indictment.   This argument is meritless.
>
>  Officer Harris testified that the police verified with someone from the
> Home Depot store "that the lawnmower on the truck was actually one that had
> been stolen from . . . Home Depot . . . through serial number comparison."
> (R.38.)  Contrary to Grier's contention, the fact that Officer Harris did not
> identify the Home Depot representative with whom the police verified the
> serial number affects the weight of the evidence, not its sufficiency.  In
> addition, although Hayes did not testify regarding the model and serial
> numbers of the lawnmower that was stolen, he testified that the lawnmower
> found in Grier's possession was returned to the Home Depot and that it was,
> in fact, the property of Home Depot. This evidence was more than sufficient
> to establish that the lawnmower found in Grier's possession was the same
> lawnmower that had been stolen from the Home Depot in Columbus.

(Doc. # 10, Ex. B, at 4-5).

Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on claims that

were previously adjudicated in state court, unless the adjudication "resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law,

---

[2]  Grier says that the prosecution did not identify the alleged stolen property as set out in the indictment and presented insufficient evidence to establish that Home Depot owned the property.

as determined by the [U.S.] Supreme Court, . . . or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision is "contrary to" established law if (1) the state arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) a state court confronts facts "materially indistinguishable" from relevant Supreme Court precedent, but reaches an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established law if the state court unreasonably applies controlling law, or unreasonably extends, or fails to extend, a legal principle to a new context. *Id*. at 407.

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction [is]...to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt."...[I]nstead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979) (citations and footnote omitted).

In making its assessment of the sufficiency of the evidence as recounted above, the Alabama Court of Criminal Appeals described the test as "whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt." (Doc. # 10, Ex. B, at 4.) While this standard is not precisely identical to the *Jackson v. Virginia* standard, the Alabama Court of Criminal Appeals' analysis of the issue shows without doubt that their conclusion about the sufficiency

of the evidence was not contrary to or an unreasonable application of clearly establish law.

Any reasonable trier of fact could conclude from the facts that the lawnmower possessed by

Grier was the lawnmower stolen from the store in Columbus.  Thus, the evidence was

constitutionally sufficient to support Grier's conviction.  He is not entitled to habeas relief.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

for habeas relief pursuant to 28 U.S.C. § 2254 be denied and that this case be dismissed with

prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation **on or before January 3, 2007**.  Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous,

conclusive or general objections will not be considered by the District Court.  The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of December, 2006.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE